Reed, J.,
delivered the opinion of the court.
This suit was brought by appellant to determine the right to a title to a lot in Aspen. Both parties filed their respective claims to the property with M. G. Miller, county judge; appellant on the 23d day of August, 1887, and appellee on the 11th of the same month. Appellant asked in the complaint that he be declared the owner, and ■ that the claim filed by-defendant be declared a cloud upon his title, and be removed. A trial was had to the court without a jury. The court found for the defendant, decreeing him to be the owner and entitled to a deed from the county judge. The preliminary questions involved were presented and determined in Mayor v. Land Co., 10 Colo. 191, and in Wheeler v. Wade, 1 Colo. Ct. App. 66. It is shown by the evidence that appellee entered into the possession of the lot in May, 1880, and erected a log cabin, the only improvement shown to have been made to the time of the trial, and that on one or two occasions appellee had temporary actual possession; that he remained in Aspen until October of the same year, when he left, and subsequently only visited the place occasionally, — incidentally, — exercised no personal control, and had no personal possession. In the course of time it appears the roof and door were removed from the cabin. In July and August, 1883, one George W. Pearson, who testified that he had known the property and appellee, and of his claim to the property and ownership of the cabin since the spring of 1880, took possession of the property, replaced the roof and door, and used it as a stable for horses ;• that while so in possession *65 he saw appellee at Leadyille, who spoke of the property, and of being the owner, expressing a wish to sell it, and authorizing Pearson to sell for him if he got an opportunity. It appears that Pearson neither asserted title in himself nor denied the title of appellee at that time. It is also shown that on May 13, 1884, Pearson sold the property, not as that of appellee, but as his own, and executed a quitclaim deed; that the title so attempted to be conveyed passed by mesne conveyances to appellant; that it was the only title he had, except a claim by payment of taxes. It is very doubtful if either showed such compliance with law as to be entitled to enter, but, the controversy having been confined to the two parties, and the, right of one or the other conceded, the only question was, which had the better right? The right of Pearson could only be predicated upon abandonment by the former claimant. It is assigned for error and urged that the court erred in not finding the question or issue of abandonment in favor of appellant. The issue does not appear to have been relied upon at the trial, but it may have been; certainly no sufficient or competent evidence was introduced to establish the fact of abandonment. The judgment and decree of the court should be affirmed. Appellee may have been derelict in duty, careless, and have failed to comply with the law, but he was first in point of time, and had had, for two or three years, right and possession that was known and recognized by the grantor of appellant, while the origin of the supposed right of Pearson was not such as to commend it to the favorable consideration of courts.

Affirmed.